```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| OLIVER R. COLEMAN | : | |
| | : | |
| v. | : | Civil Action No. DKC 2009-0213 |
| | : | |
| PRINCE GEORGE'S COUNTY DEPARTMENT OF SOCIAL SERVICES | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability rights case is the motion by Defendant Prince George's County Department of Social Services to dismiss Plaintiff's complaint. (Paper 6). The issues have been briefed fully and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I.  Background**

Plaintiff Oliver R. Coleman has three daughters: Lanika and Latrice Coleman and Trinity Quarles. Plaintiff raised Lanika and Latrice since they were born, but is engaged in an adoption case for Trinity, who is also his biological daughter. (Paper 1, at 2). Plaintiff states that he has raised Lanika and Latrice, "[a]lthough [he] deals with some mental abilities." (*Id.*).

Plaintiff contends that Defendant, the Prince George's County Department of Social Services ("PGCDSS"), has interfered with his relationship with his daughter Trinity by: 1) stating that Plaintiff is not "mentally fit" to raise his daughter; 2) setting up a "12-step abstinence from alcohol and psychoactive substances meeting" for Plaintiff, although Plaintiff has completed that program in the past; 3) not informing Trinity that Mr. Coleman is her father; and 4) allowing Trinity to leave Maryland without informing Plaintiff. (*Id.*). Plaintiff argues that, as a result of these alleged actions, Defendant has discriminated against him in violation of 42 U.S.C. § 3601 and has caused him "humiliation, embarrassment, emotional distress, and deprivation of his Rights." (*Id.*).

Plaintiff, proceeding *pro se*, filed a complaint on February 2, 2009. (Paper 1). Defendant filed a motion to dismiss on April 21, 2009. (Paper 6).

**II. Motion to Dismiss**

    **A.   Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading

2

standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.

3

1979).  *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"  *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 Fed.Appx. 9 (4th Cir. 2005)(unpublished).

**B. Analysis**

Defendant argues that Plaintiff's complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.  Defendant asserts that although Plaintiff has alleged that Defendant discriminated against him on the basis of his disability, none of Plaintiff's allegations "amount to

4

discrimination under federal law." (Paper 6, at 2-3). Defendant contends that Plaintiff has not stated the elements for a claim under either of "the federal statutes that prohibit discrimination by a government entity based on disability": Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. (*Id.* at 3). Defendant notes that Plaintiff has not alleged a disability or how Defendant discriminated against him on the basis of that disability. (*Id.* at 3-4).

Plaintiff counters that the decision to deny him guardianship of his daughter was based on his "handicap." (Paper 11, at 1). Plaintiff quotes from an unidentified court's Order of Commitment, dated March 30, 2009, after he filed the complaint, to describe his disability: "The Court further finds that Oliver Coleman suffers from mental disabilities, including Organic Brain Injury, chronic Depression, and chronic Post-Traumatic Stress Disorder, history of alcohol abuse and Borderline Intellectual Functioning and severe learning disabilities. These disabilities affect Mr. Coleman's ability to appropriately parent [Trinity Quarles.]" (Paper 11, at 1). Plaintiff asserts, "[it is] unconstitutional to deny his parent [sic] rights solely on the basis of his mental issues as diagnosed by the Court." (*Id.* at 4). In support of that

5

assertion, Plaintiff cites a New York case, *In the matter of Natasha RR*, 2007 NY Slip Op. 6137 (3$^d$ Dept. 2007), and various periodical articles. Plaintiff asserts that Defendant's actions violated 42 U.S.C. § 3601 and that the court has jurisdiction "as to a claim of discrimination by a government entity" under Title II of the ADA, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. (*Id.*). Finally, Plaintiff contends, "the conduct of the defendant is discriminatory in that plaintiff was denied based on his learning disabilities and his race (black) and gender (male)." (Paper 11, at 4).

Plaintiff's complaint does not state a claim under 42 U.S.C. § 3601, the statute cited by Plaintiff in his complaint. The Fair Housing Act ("FHA"), also known as Title VIII of the Civil Rights Act of 1968, prohibits public and private parties from engaging in certain discriminatory activities as part of ensuring "fair housing throughout the United States." 42 U.S.C. § 3601. Plaintiff does not make any allegations regarding housing. As such, Plaintiff has not stated a claim under § 3601.

While Plaintiff has not stated a claim under § 3601, the court must consider whether the facts might support a claim under any other federal law. Defendant raised two possible statutory bases for Plaintiff's discrimination claim, which

6

Plaintiff also cited in his opposition: Title II of the ADA, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Section 12132 of the ADA states: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.* This section has two distinct prohibitions. First, the statute forbids a public entity from excluding a "qualified individual" from participating in, or denying the benefits of, the public entity's "services, programs, or activities." Second, the statute prohibits a public entity from subjecting a qualified individual to discrimination. To state a claim for discrimination under the ADA, Plaintiff must allege:

> (1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability.

*Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999) (internal citations omitted).

Section 504 Rehabilitation Act runs parallel to the ADA and prohibits a federally funded state program from discriminating

7

against a handicapped individual solely on the basis of his disability. *School Board of Nassau County v. Arline*, 480 U.S. 273, 275 (1987).  29 U.S.C. § 794 states:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

(*Id.*).  In order for Plaintiff to establish a violation of Section 504 of the Rehabilitation Act, he must allege:

> (1) he has a disability; (2) he is otherwise qualified; (3) he was excluded from participation in, was denied the benefits of, or was subjected to discrimination solely by reason of his disability; and (4) [Defendant] receives federal financial assistance.

*Proctor v. Prince George's Hospital Center*, 32 F.Supp.2d 820, 826 (D.Md. 1998)(citing *Doe v. University of Maryland*, 50 F.3d 1261, 1265 (4th Cir. 1995).

Here, Plaintiff has not stated a claim under the ADA or the Rehabilitation Act.  Plaintiff has not alleged what, if any, service, program, or activity Defendants denied him. Additionally, Plaintiff has not alleged, if there was a benefit that Defendants denied him, how he was qualified to receive that

benefit, with or without accommodation.  Further, Plaintiff has not alleged how Defendant discriminated against him on the basis of his disability.  Only once a benefit or activity is identified can any purported disability be assessed.  Plaintiff's mere assertion that a court has found that he has mental issues is insufficient to show that he meets the definition of disability.  His mere mention of race and gender in an opposition to the motion to dismiss does not suffice to allege any other cause of action.  Because Plaintiff has not stated a claim, his complaint will be dismissed.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted.  A separate Order will follow.

                                            /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge